RECEIVED BY MAIL

MAR 01 2024

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Court File No. 24-cv-664 KMM/DJF

Lance Gerald Milliman,

               Plaintiff,

v.                                          COMPLAINT

Jodi Harpstead, County of Anoka,
Brad Johnson, Alicia Bohach,
Robert Yount, Cheyenne Downing,
Brittany Plude, and Betty Lindemoen-Neff,

               Defendants.

---

## CIVIL RIGHTS COMPLAINT WITH JURY DEMAND

This is a 42 U.S.C. 1983 action filed by Lance Milliman, alleging violation of constitutional rights and seeking money damages, injunctive and declaratory relief. The plaintiff requests trial by jury.

## NATURE OF THE ACTION

This is a civil action seeking money damages, injunctive and declaratory relief against the defendants for committing acts, under color of law, which deprived the plaintiff of rights secured under the United States Constitution and the laws of the United States; for conspiring for the purpose of impeding and hindering the due course of justice with the intent to deny the plaintiff equal protection of the law and due process; and for refusing or neglecting to prevent such deprivations and denials to the plaintiff. The acts of the defendants were completed with reckless disregard and deliberate indifference to the constitutional rights of the plaintiff; and for deprivation of the plaintiff's constitutional rights which occurred as part of an unlawful act or series of acts or a lawful act or series of acts by unlawful means which were designed to harm or damage the plaintiff. The plaintiff seeks a declaration that the actions of the defendants violates the United States Constitution and the laws of the United States.

## JURISDICTION AND VENUE

This is a civil rights action authorized by 42 U.S.C. 1983. This Court has jurisdiction under 28 U.S.C. 1331, 1343, 1367 and 2201. Venue is proper in the District of Minnesota.

SCANNED

MAR 01 2024

U.S. DISTRICT COURT MPLS

## PLAINTIFF

Lance Gerald Milliman is and was at all times relevant herein, a citizen and resident of the United States and resident of the State of Minnesota, residing in Meeker County, Minnesota.

## DEFENDANTS

Jodi Harpstead is the Commissioner of the Minnesota Department of Human Services.

Anoka County is a political subdivision of the State of Minnesota.

Brad Johnson is the Anoka County Attorney.

Alicia Bohach is an Assistant Anoka County Attorney.

Robert Yount is an Assistant Anoka County Attorney.

Cheyenne Downing is an Anoka County Child Support Worker.

Brittany Plude is an Anoka County Child Support Worker who filed the administrative offset and federal tax refund offset programs paperwork with the United States Department of the Treasury, Internal Revenue Service on March 14, 2014.

Betty Lindemoen-Neff is the plaintiff's ex-wife who is allegedly the owner of the judgment that Anoka County is trying to collect.

## FACTUAL CLAIMS

1. The plaintiff received a letter dated April 15, 2020, from the United States Department of the Treasury stating that plaintiff was entitiled to an economic stimulus check in the amount of $1200.00. The letter further stated, the United States Treasury applied all or part of your payment to a delinquent debt that you owe. The letter goes on to state, we applied your payment to debt that you owe to the Minnesota Department of Human Services, Child Support Division.

2. The plaintiff sent the Anoka County Attorney Tony Palumbo an email on April 27, 2020 disputing that there were any child support arrears balance or debt owed. In a letter from Assistant Anoka County Attorney Alicia Bohach dated May 1, 2020, she stated, The County of Anoka will neither take any action to prevent the offset of your economic impact payment toward your child support arrears balance nor return any received offset to you.

3. The plaintiff wrote a letter to the Minnesota Department of Human Services Commissioner Jodi Harpstead and Alicia Bohach an Assistant Anoka County Attorney dated October 21, 2020 and gave them both notice that neither of them held a valid enforcable judgment for child support against the plaintiff.

4. The plaintiff received a letter from Anoka County Human Services Child Support Officer Cheyenne Downing dated October 30, 2020 and states, The Anoka County Child Support Services has reviewed child support case and has determined it is appropriate to reduce your arrears that are owed to the State of Minnesota. A total of $16,861.99 was removed from arrears that were owed to the State of Minnesota.

5. The plaintiff sent a letter to the United States Department of the Treasury on October 30 2020 informing them that state law controls state judgments. Minnesota Statutes 548, specifically states that money judgments expire after ten (10) years after issuance if not renewed, including child support judgments. The judgment used by the State of Minnesota and the County of Anoka appears to have been issued on March 7, 1997 and expired in March of 2007 and was never renewed by any party.

6. The plaintiff sent a second letter to Jodi Harpstead and Alecia Bohach on December 4, 2020 informing both of them that the State's judgment used to seize my stimulus check was not vaild and void as it had expired and was not renewed by any party. Plaintiff also, let both of them know that Betty Lindemoen-Neff's judgment that they are still attempting to collect was not valid and void for the same reason, it had expired and was not renewed by any party.

7. On December 28, 2020, in an unsigned letter, the Department of Human Services Child Support Division responded by letter and copied Anoka County Child Support Officer Cheyenne Downing (with enclosure). The letter said that the stimulus payment had been properly seized despite the fact that their judgment had expired without renewal in 2007 some 15 years ago pursuant to Minnesota Statutes 548.

8. On January 3, 2021 the plaintiff sent a letter to Anoka County Child Support Officer Cheyenne Downing making her aware that the judgment being used to collect the child support had expired and was invalid and void.

LEGAL CLAIMS

1. Over many years time, the Anoka County Sheriff arrested and the Anoka County Attorney's Office prosecuted and convicted the plaintiff and his then wife, Betty Milliman for several separate theft related crimes including fraud and swindle. The central question that must be entertained and answered here is: How is what the defendants did here, any different than what the plaintiff did in the above mentioned prior criminal proceedings to get convicted? However, we are not here seeking a criminal conviction or convictions, this is a civil proceeding for damages based upon civil fraud perpretated by these defendants, in such a Manner as to violate the plaintiff's constitutional rights.

2. On March 14, 2014, some seven (7) years after the judgment expired Brittany R. Plude, an Anoka County Child Support Officer attempted to breath new life into an expired judgment and filed it with the Federal Administrative Offset Program to obtain funds from the plaintiff's federal income tax returns claiming this judgment was valid, when it in fact, was not.

3. The fraud occurred when defendant Plude filed the Administrative Offset and Federal Tax Refund Programs documents on March 14, 2014 to withhold any proceeds from federal tax returns belonging to the plaintiff.These defendants knew or reasonably

should have known that the judgment that they were trying to collect was filed in 1997 and expired in 2007. Likewise, these defendants knew or reasonably should have known that all civil judgments in Minnesota expire after ten (10) years if they are not renewed within that time. In this case, no one renewed the judgment at any time during that period. Here the judgment had expired some 17 years before it was filed with the United States Department of the Treasury.

4. While it is true that the draconian methods employed in this case here are from a different county attorney administration, the present county attorney administration has let these prior and past customs, policies and practices to remain in place and has done nothing to correct those methods. The way in which the Anoka County Attorney obtained the plaintiff's stimulus looked more like a "smash and grab" robbery.Robert Yount, in the course of representing the Anoka County defendants, conspired with the other defendants and made threats to the plaintiff about what legal sanctions he would request from the Court if plaintiff continued his lawsuit.

5. The defendants and all of them conspired between themselves to fraudulently obtain and retain the plaintiff's stimulus payment knowing that their judgment had expired, was void and not valid. Even if they did not know the judgment had expired to begin with, they certainly knew at the time the plaintiff informed them of this fact and yet these defendants did not return the illegally seized stimulus payment of $1200.

6. Now, the defendants can claim that child support judgments do not expire but then the plaintiff would make the claim that the plaintiff is being treated differently than all other citizen entities that have an expired judgment against them which is void and uncollectable, except exclusively parties who allegedly owe child support to Anoka County or the State of Minnesota. Further, these defendants are being treated differently from all other citizen entities who have allowed their judgment to expire, without renewing it, before it expired as the law directs, except exclusively parties who allegedly owe child support to Anoka County. That is discrimination and it violates due process and equal protection clauses to the United States Constitution.

7. The violations and damages complained of herein have been financed by Anoka County and the Minnesota Department of Human Services and have been continuous. Anoka County continues to send the plaintiff monthly billing statements as a means to harass, as a weapon threatening legal action if the plaintiff does not comply. Anoka County is ultimately the body of government that is responsible for the defense of plaintiff's rights in a court of law in Anoka County and when they do both, finance and defend the parties, whose interest do you think is afforded the most consideration. Defendants Betty Lindemoen-Neff, Anoka County, Jodi Harpstead, Brad Johnson, Alicia Bohach, Robert Blount, Cheyenne Downing and Brittany Plude conspired to cover up their improper seizure of the plaintiff's stimulus check. Then there is the fear of what the plaintiff witnessed and suffered at the hands of the defendants, who discarded every constitutional right the plaintiff had. Milliman's lack of respect is not focused on the Minnesota Court System but is focused toward the prosecutor and the officers whose actions appear to be the regular operating procedure for the Anoka County Attorney's Office and its Child Support Unit to cover-up their illegal activities.

Wherefore, plaintiff requests that this Court grant the following relief:

1. A declaratory judgment declaring that the acts, practices, and policies of these defendants violates the plaintiff's constitutional rights.

2. Compensatory and/or general damages in excess of $50,000.00 against each and every defendant with the exception of defendant Betty Lindemoen-Neff, the damages claimed are $12,000.

3. Punitive damages against defendants Jodi Harpstead, Anoka County, Brad Johnson, Alecia Bohach, and Robert Yount in the amount of $25,000.00 each, punitive damages against defendants Cheyenne Downing, Brittany Plude in the amount of $10,000.00 and punitive damages against defendant Betty Lindemoen-Neff $12,000 as may be deemed reasonable and allowed under law.

4. Trial by jury on all issues triable by jury.

5. Plaintiff's costs involved in this lawsuit.

6. Any and all other relief deemed just, proper and equitable.

Dated: 2-28-24

Lance Gerald Milliman
Plaintiff pro se
60009 373rd Street
Eden Valley, Minnesota 55329
(320) 434-0668
lancemilliman@gmail.com